Filed 9/15/20  Gallian v. Gragnano CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMIE L. GALLIAN, | |
| Cross-complainant and Appellant, | G057198 |
| v. | (Super. Ct. No. 30-2017-00913985) |
| LEE GRAGNANO et al., | O P I N I O N |
| Cross-defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, James L. Crandall, Judge.  Affirmed.

Law Offices of Steven A. Fink and Steven A. Fink for Cross-complainant and Appellant.

Gordon Rees Scully Mansukhani, Craig J. Mariam, Brenda N. Radmacher, and Jonathan A. Schaub for Cross-defendants and Respondents.

\*          \*          \*

This is an appeal from an award of attorney fees under Civil Code section 5975, which permits recovery of fees in an action to enforce the governing documents of a common interest development. The Huntington Beach Gables Homeowners Association (the HOA) filed suit against Jamie L. Gallian for enforcement of the governing documents. Gallian, in turn, cross-complained against the individual members of the HOA board of directors (the board members), seeking indemnity on the HOA's complaint.[1] The board members' subsequent demurrer was sustained, and they were dismissed from the action with prejudice.

Afterward, at a mandatory settlement conference, the HOA and Gallian entered into what they believed was a global settlement agreement that included mutual releases that bound not only the HOA, but also the board members. However, when the HOA later attempted to enforce the settlement agreement, the court deemed it unenforceable. Subsequently—now well beyond the usual 60-day time limit for an attorney fee motion—the board members filed a motion to recover attorney fees. The court found the mistaken belief that the settlement agreement was enforceable furnished good cause for the late filing and granted the motion, awarding the board members approximately $46,000 in fees. Gallian appealed the award of fees.

Gallian contends the court abused its discretion in finding good cause to permit a late filing of the fee motion because the board members were not parties to the settlement agreement, having previously been dismissed with prejudice, and thus could not have been mistaken about their having released Gallian. However, the board members' attorney was at the hearing where the settlement agreement was put on record, and the settlement agreement purported to bind the board members. Gallian also argues her cross-complaint was not to enforce the governing documents, and thus attorney fees were not available under Civil Code section 5975. However, the HOA's action clearly

---

[1]    The board members, respondents in this appeal, are Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori Burrett.

was, and since Gallian sought indemnity for the HOA's action, it follows that her action was for enforcement of the governing documents as well. We affirm.

FACTS

The HOA filed suit against Gallian, alleging two causes of action: Breach of governing documents (architectural violations) and nuisance. The gist of the complaint was that Gallian had installed a patio, an air conditioning unit, and certain landscaping features in violation of the HOA's rules. About two months later, Gallian cross-complained against the board members asserting causes of action for indemnification, apportionment of fault, and declaratory relief. Specifically, Gallian alleged, "On or about April 11, 2017, Plaintiff [the HOA] filed a complaint herein against Cross-Complainant. It later filed a First Amended Complaint seeking damages and injunctive relief in connection with the allegations relating to breach of Governing Documents and Nuisance." "If [the HOA] sustained damages or is entitled to relief as alleged in its First Amended Complaint, the damages and/or entitlement to relief were caused entirely, or in part, by [the board members]." "At all times, as alleged in the First Amended Complaint, [the board members] possessed, controlled, operated and/or owned the premises and were, and are, solely responsible for all activities and/or actions and/or conduct as alleged."

The board members demurred to the cross-complaint. We are told the court sustained the demurrer with leave to amend, but neither party provided us with any record of the court's ruling. We do know, however, that on December 27, 2017, Gallian filed a voluntary request for dismissal of the board members with prejudice and the clerk of the court entered the dismissal on that date. A notice of entry of dismissal was filed and served on January 31, 2018.

3

Litigation continued between the HOA and Gallian, and, at a mandatory settlement conference on March 2, 2018, they entered into what they believed to be an oral settlement agreement on the record, which included mutual releases by not only the HOA and Gallian, but also the board members. Both the board members' counsel and the court interpreted the release as including a waiver of attorney fees. However, on July 19, 2018, when the HOA sought to enforce the settlement agreement under Code of Civil Procedure, section 664.6, the court found there had been no meeting of the minds and thus refused to enforce it.

About three weeks later, on August 7, 2018, now freed from the release granted to Gallian in the failed settlement agreement, the board members moved for their attorney fees. The court granted the motion. Although the court recognized the motion for fees was facially untimely under California Rules of Court, rule 3.1702(b) (motion must be filed within the time to appeal), it found good cause to extend that deadline (Cal. Rules of Court, rule 3.1702(d)) because of the parties' attempt to reach a global settlement. It further found that Gallian's cross-complaint was an action to enforce the governing documents of the HOA, which supported a statutory fee claim under Civil Code section 5975, subdivision (c). The court awarded $46,138 in fees. Gallian timely appealed from the fee award.

## DISCUSSION

Gallian raises two issues on appeal: whether the court abused its discretion in finding good cause to permit a late filing of the fee motion, and whether Gallian's cross-complaint was an action to enforce the governing documents under Civil Code section 5975.

Pursuant to the California Rules of Court, rule 3.1702(b)(1), "A notice of motion to claim attorney's fees for services up to and including the rendition of judgment

4

in the trial court—including attorney's fees on an appeal before the rendition of judgment in the trial court—must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case . . . ." Where, as here, a party serves a notice of entry of judgment, the appeal must be filed within 60 days of service of the notice. (Cal. Rules of Court, rule 8.104(a)(1)(B).) Thus, the attorney fee motion was due no later than 60 days after January 31, 2018, the day the notice of entry of dismissal was served. The board members filed their fee motion on August 7, 2018, well past the normal deadline to file a fee motion.

However, "For good cause, the trial judge may extend the time for filing a motion for attorney's fees . . . ." (Cal. Rules of Court, rule 3.1702(d).) "[A] trial court's finding of 'good cause' is generally reviewed deferentially, solely for abuse of discretion." (*Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 327.)

The court based its finding of good cause on the parties' attempt to come to a global settlement agreement, which included mutual releases that encompassed attorney fees. Gallian contends the finding of good cause was an abuse of discretion for two reasons.

First, she argues that because the board members had been dismissed, they were not technically parties to the case anymore, and thus could not file a fee motion. That contention is easily met: "'[E]ven after a party is dismissed from the action he may still have collateral statutory rights which the court must determine and enforce,'" including "'the right to statutory costs and attorney fees . . . .'" (*Day v. Collingwood* (2006) 144 Cal.App.4th 1116, 1124.)

Second, Gallian argues the board members did not appear at the settlement conference and thus were not parties to the attempted settlement agreement. However, the attorney representing the HOA was also representing the board members, and the terms of the settlement agreement recited on the record purported to bind the absent board members. Of course, the notion that the absent board members could be bound to

5

the terms of the attempted settlement agreement is flawed. They could not be bound because they did not personally assent to the terms of the attempted settlement agreement before the court. (*Levy v. Superior Court* (1995) 10 Cal.4th 578, 586 ["the term 'parties' as used in [Code of Civil Procedure] section 664.6 ('If parties to pending litigation stipulate . . . for settlement of the case . . .') means the litigants themselves, and does not include their atttorneys of record"].) Presumably, as Gallian's argument goes, as nonparties to the attempted settlement, the board members had no excuse for delaying the filing of their motion for attorney fees. But this argument is a red herring. The issue is not whether the attempted settlement agreement was binding. The court correctly found it was not. The issue is whether the parties' attempt to settle constituted good cause to excuse the late filing of the fee motion. The court did not abuse its discretion in finding the settlement attempt constituted good cause for the delay. We would not expect a party attempting in good faith to negotiate a settlement to throw a wrench in the works by moving for an award of attorney fees during the negotiation. The court's finding of good cause was well within its wide discretion.

Beyond timeliness, Gallian contends her cross-complaint was not to enforce the governing documents, and thus attorney fees were not available to the board members as prevailing parties on the cross-complaint pursuant to Civil Code section 5975, subdivision (c) ("In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs"). However, the court's simple, straightforward logic is unassailable: the HOA's complaint against Gallian was to enforce the governing documents; Gallian's cross-complaint sought *indemnity* from the board members for any liability arising from that same complaint; therefore, the cross-complaint also sought to enforce the governing documents. The court did not err.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs incurred on appeal.

IKOLA, J.

WE CONCUR:


FYBEL, ACTING P. J.


THOMPSON, J.